FILED
·SUPERIOR COURT
OF GUAM

2014 MAR 17 PM 2: 05

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE No. CF0150-13 |
| v. | ) | **DECISION AND ORDER** |
| MACHAEL L.T. TAIJERON, JR. and | ) | |
| SALINA A. SAPP, | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant Sapp's motion to dismiss charge as *de minimus* or in the alternative to reduce charge to misdemeanor and Defendant Taijeron's motion to reduce felony to misdemeanor were taken under advisement on February 12, 2014. The People are represented by Assistant Attorney General, Lisa D. Lorig. Defendant Taijeron Jr. (hereafter Taijeron) is represented by Assistant Public Defender Ana Maria C. Gayle. Defendant Sapp (hereafter Sapp) is represented by attorney Douglas B. Moylan. Having reviewed the memorandum and papers presented, the Court now issues the following decision denying in part Defendants' motions.

### BACKGROUND

On March 20, 2013 Taijeron was indicted on two charges: 1) Family Violence as a 3rd Degree Felony and 2) Child Abuse as a 3rd Degree Felony. On the same day Sapp was indicted on three charges: 1) Child Abuse, as a 3rd Degree Felony; 2) Hindering Apprehension,



as a Misdemeanor; and 3) Obstructing Governmental Function, as a Misdemeanor.

On November 25, 2013 Sapp filed a motion to dismiss as *de minimus* or in the alternative to reduce charge to misdemeanor. In her motion Defendant asserts that her actions were intended to protect her minor son and that she appropriately sought medical treatment for him and reported the incident to the Guam Police. Citing Sections 80.70 of Title 8 and 7.67 of Title 9 of the Guam Code Defendant argues that the unrealistic standard placed upon the Defendant warrants dismissal. Defendant also requests that pursuant to guidelines listed in Section 30.20 of Title 9 of the Guam Code the felony charge in this matter should be reduced to a misdemeanor. In support of this argument Defendant asserts that her son's injuries were not serious, she has no history of family violence, she has no criminal history, no weapon was used, alcohol or other substances were not involved, and that she is amenable to counseling.

On November 29, 2013, Taijeron filed a motion to reduce the felony charge to misdemeanor. In his motion Defendant argues that the first charge of his Complaint, as it was presented to the Grand Jury, did not allege a felony offense and that under the guidelines established by Section 30.20(b) of Title 9 of the Guam Code, his charges should be reduced. In support of his motion Defendant asserts that the victim did not sustain serious bodily injury, no weapons were used, no alcohol or substance abuse was involved, and that there is no evidence that the Defendant is not amenable to counseling.

On November 29, 2013, the People filed their opposition to Taijeron's motion. In support of the opposition the People refer to: the medical professional and school's report of extensive bruising, Sapp's report that Taijeron admitted slapping the child on the day of the incident, and Sapp's reported fear of Taijeron. The People dispute Taijeron's assertion that the case did not involve serious bodily injury arguing that admittance to an intensive care unit is not necessary

to such a finding. In support of a finding of serious bodily injury the People cite to the physician's report that the number and area of bruising was significant as well as the description of injury extending from his left ear down his jaw bone toward the front of his face. The People also refer to the assistant principal's report that the injury looked like a hand print as well as the child's statement that he does not like living with Sapp because Taijeron always hurts him.

They argue that although no weapon was used the Court should take into account the respective difference in size between the Taijeron and the child. The People also refer to a report of the National Attorney General describing the long term effects of child abuse against children. Lastly the People argue that Taijeron's child abuse charge is not subject to reduction under 9 GCA § 30.20.

On December 3, 2013, the People filed their opposition to Sapp's motion to dismiss and reduce. The People refute Sapp's assertions of co-operation and assert that Sapp's actions have been inconsistent and were unwillingly made. Citing New Jersey's treatment of its *de minimus* Statute as well as the Guam Supreme Court's 2004 analysis of 9 GCA § 7.67, the People argue that Sapp's actions fall outside of its intended regulatory scope; it is not customary or trivial to continually lie to government authorities. They argue that Defendant's alleged actions sufficiently support the charges.

As in their opposition to Taijeron's motion, in Sapp's opposition the People renew their assertions that the child was at risk of serious bodily injury and that Sapp and the child feared Taijeron. They argue that 9 GCA § 31.30's definition of permit, allows Sapp to be held liable despite not having inflicted the actual physical harm. Despite their being no weapon involved the People emphasize the disparity in weight and the danger associated with striking a five-

year-old in face with enough force to leave bruises on his face and head.

On December 6, 2013; Taijeron filed his reply to the People's opposition. In it Taijeron re-asserts that the child's injuries were not serious, that he has no history of violence against the victim,[1] no weapon was used, alcohol or other substances were not involved, and Defendant is amendable to counseling. As to Taijeron's request to reduce the Child Abuse Charge, he cites to Section 80.22 of Title 9 and argues that if the legislature saw fit to allow a court the discretion to reduce a charge after sentencing, the inherent authority exists for it to extend its Section 30.20 reducing authority to the related charge of child abuse.

Defendant Sapp also filed her reply on December 6, 2013. In her reply she disputes the People's characterization of her reports and argues that not being an eye-witness of the events she was left to struggle between figuring out what to do with the two people she loved. Defendant re-asserts that she did not participate in physically injuring her son and that the injures incurred did not require, medication, urgent care or treatment and did not break the skin.

Sapp argues that it was reasonable for her to feel conflicted about whether, Taijeron, as a corrections officer, was correctly disciplining her child. She re-emphasizes that she ultimately was the person who reported the incident to the proper authority and argues that the People's focus on the differences in her reports and the time period that lapsed between the incident and its reporting are misplaced. She concludes her reply by citing to a U.S. Federal Government handbook that characterizes her as a victim and argues and requests that she be excluded from these charges.

---

[1] Defendant concedes that he had a prior family violence charge diverted in CM0964-06 where he successfully completed the program.

**DISCUSSION**

Section 30.20 of the Family Violence Act, provides the Court with a seven-factor analysis for determining whether a felony charge of Family Violence may be reduced to a misdemeanor. 9 GCA §30.20(c)(2013). The relevant statute reads:

> In determining whether any felony charge filed pursuant to this § 30.20 should be reduced to a misdemeanor, the court shall consider the following factors, among others:
> (1) The extent or seriousness of the victim's injuries;
> (2) The defendant's history of violence against the same victim whether charged or uncharged;
> (3) The use of a gun or other weapon by the defendant;
> (4) The defendant's prior criminal history;
> (5) The victim's attitude and conduct regarding the incident;
> (6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
> (7) The defendant's history of and amenability to counseling.

*Id.*

As to Defendant Traijeron applying these factors to the instant case the Court finds that the seriousness of the injury, the Defendant's prior violent history and possible recidivism weigh against the statutory reduction of his charges. *Id.* Significant in the Court's finding of seriousness of the injury is the respective ages and sizes of Taijeron and the child and the location of the injuries.

Section 30.20 of Title 9 of the Guam Code does not extend to charges of Child Abuse. *Id.* Absent some specific direction from the legislature or the Guam Supreme Court expanding a court's ability to also reduce family violence related felony charges, the Court is unable to grant Defendants' requests for reducing the charge of child abuse.

Section 7.67 of Title 9 of the Guam Code provides,

The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
(a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 GCA § 7.67 (2013). In 2004 the Guam Supreme Court explained when reviewing requests made under this statute, all factual allegations made against a defendant are to be viewed as true. *Guam v. Perez*, 2004 Guam 4 ¶ 16. In this case Sapp argues that her actions fall within each of the three statutory prongs that allow dismissal. Reply at 2.

As charged against Sapp the elements of Child Abuse as a 3rd Degree Felony require a showing that she: unreasonably caused or permitted, the physical or emotional health of the child to be endangered, under circumstances likely to result in death or serious bodily injury. 9 GCA § 31.30(a)(2)(C) and (b) (2013). Applying the appropriate standard, to these elements the Court finds that there are insufficient facts to support the element of foreseeability. *Id.* Accordingly it is unable to find that under 9 GCA § 7.67 that Sapp actually caused or threatened the harm or evil sought to be prevented. 9 GCA § 7.67 (2013).

As to the other offenses charged against Sapp the Court finds that they do not fall in the scope of 9 GCA § 7.67 (2013). *Perez*, 2004 Guam 4 ¶ 16. The Court is unable to find that Sapp's actions were customary, inconsistent with law, too trivial or otherwise extenuating. *Id.*

When taken as true the People allege sufficient facts to support the necessary statutory elements under the charges of Hindering Apprehension and Obstructing Governmental Function. *Id.*

## CONCLUSION

Based on the foregoing, Defendant Traijeron's motion is DENIED. Defendant Sapp's motion is GRANTED in part, her charge of Child Abuse, as a 3rd Degree Felony is dismissed. Defendant Sapp's motion to dismiss her charges of Hindering Apprehension and Obstructing Governmental Function is DENIED.

SO ORDERED, this _13th_ day of _March_ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: AG. APD
P. MOYLAN
Date: 3|17|14 Time: 215 PM
Deputy Clerk, Superior Court of Guam